```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

DEMONSE M. RADLEY,                    )
                                      )
        Plaintiff                     )
                                      )     No. 3:14-2008
v.                                    )     Judge Campbell/Brown
                                      )     **Jury Demand**
SHERIFF DARON HALL, CCS MEDICAL       )
PATRICIA YOUNG, and                   )
DOCTOR ROBERTA BURNS,                 )
                                      )
        Defendants                    )

**TO:  THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that the motion for summary judgment (Docket Entry 43) be granted and this case be dismissed with prejudice. In the event this report and recommendation for summary judgment is not approved, the Magistrate Judge recommends that the motion to dismiss for lack of prosecution (Docket Entry 39) be granted and the case be dismissed without prejudice. In the event of either dismissals the Magistrate Judge recommends that any appeal not be certified as taken in good faith.

### BACKGROUND

The Plaintiff filed his complaint against Sheriff Daron Hall; Patricia Young, Contract Supervisor for CCS Medical; and Dr. Roberta Burns (Docket Entry 1) on October 21, 2014. The complaint alleges that Hall and Young in their official capacities failed to insure that the Plaintiff received adequate medical treatment and that Dr. Burns in her individual capacity failed to provide medical

treatment to such an extent that it constituted a violation of 42 U.S.C. § 1983. The Plaintiff contends that he suffered from hypertension, hiatal hernia, and gastrointestinal reflux disease (GERD). The Plaintiff contends that he reported these conditions upon his incarceration on September 5, 2014, and Dr. Young failed to appropriately treat him by giving him appropriate medication and scheduling him for surgery.

Additionally, he contended that the failure to provide proper medical treatment was as a result of a policy or custom not to provide proper medical treatment. The District Judge allowed the complaint to proceed for the purpose of initial review against Defendants Hall and Young in their official capacities and against Dr. Burns in her individual capacity (Docket Entries 4 and 5).

The Plaintiff was specifically warned that his prosecution of the action would be jeopardized if he failed to keep the Clerk's office informed of his current address at all times (Docket Entry 5).

After service of process was obtained on the Defendants, a scheduling order was entered in the matter (Docket Entry 29). In the scheduling order all discovery was to be completed by August 6, 2015, and dispositive motions were due to be filed by September 7, 2015. The Plaintiff was specifically warned that dispositive motions must be responded to within 28 days, unless the Plaintiff was granted an extension by the Court. He was also warned that failure to respond to the motion and to statements of fact may

result in the Court taking the facts alleged in the matter as true and granting the relief requested.

Dr. Burns attempted to conduct discovery in the matter, but apparently received no responses. Accordingly, she filed a motion to compel discovery (Docket Entry 34) in which she stated that she served the first set of interrogatories and requests for production on the Plaintiff on January 15, 2015, and despite additional correspondence sent to the Plaintiff as of July 10, 2015, she had received no responses to her discovery requests. Accordingly, she filed the motion to compel. In that motion she noted that the Plaintiff was well aware of the need to keep a current address on file since the Plaintiff filed a notice of change of address on December 2, 2014 (Docket Entry 14). In that notice the Plaintiff specifically stated that he would notify the Court of any additional changes.

The Magistrate Judge granted the motion to compel (Docket Entry 35) and directed the Plaintiff to respond to the discovery requests and provide a release of his medical records on or before August 3, 2015.[1] Unfortunately, it appears that mail sent regular and certified to the Plaintiff at his last known address has been returned as undeliverable. (Docket Entries 37, 38, 47 and 48). The Plaintiff's current address is unknown.

---

[1]The Magistrate Judge did note that some of the discovery requests were inappropriate. Nevertheless, the Plaintiff was directed to respond, and given directions on how to respond.

The Magistrate Judge will therefore take the statement of undisputed facts filed by the Defendants (Docket Entry 45) as true for the purpose of this Report and Recommendation (Local Rule 56.01(g)).

**STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. Rule 56(a) states that "the court shall grant summary judgment if the movant is entitled to summary judgment as a matter of law." There is no issue for trial unless sufficient evidence exists for a jury reasonably to reach a verdict in favor of the party producing such evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986). A genuine issue of material facts exists "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. 242 at 248. A mere existence of a scintilla of evidence in support of the plaintiff's position will not be sufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Id*.

After a moving party has carried its initial burden of showing that no genuine issues of material fact remain in dispute,

the burden shifts to the nonmoving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*, 475 U.S. 574, 586-87 (1986). "the 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992). In order to defeat the motion for summary judgment, the nonmoving party must present probative evidence that supports its complaint. *Anderson*, 477 U.S. 242 at 249-50. The nonmoving party's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-50 (internal citations omitted).

## LEGAL DISCUSSION

In their motion for summary judgment the Defendants have provided extensive medical records, sick call requests and responses concerning the Plaintiff's treatment (Docket Entry 43). They have also filed a well-written and accurate memorandum in support of their motion for summary judgment (Docket Entry 44). There is no dispute that the Plaintiff suffered from several chronic medical conditions, including GERD. The records show that the Plaintiff was prescribed numerous medications during his incarceration at the criminal justice center from September 5, through October 21, 2014, when the Plaintiff filed his lawsuit. The Magistrate Judge believes that the Defendants have accurately

5

summarized the Plaintiff's treatment records for this period of time (Docket Entries 40 through 44, and 45). The Plaintiff has not disputed them.

As the District Judge noted in his memorandum opinion (Docket Entry 4), "when a prisoner has received some medical attention but disputes the adequacy of that treatment, the federal courts are generally reluctant to second-guess the medical judgments of prison officials and thus to constitutionalize claims which sound in state tort law. *Westlake*, 537 F.2d at 860 n.5. Notwithstanding, the Sixth Circuit has also recognized that 'in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all'." *Id.*

At the time the initial review was conducted, the Court did not have the extensive records that have now been provided by the Defendants.

After a review of the records, the Magistrate Judge cannot conclude that the Plaintiff has come forward with evidence to show deliberate indifference. The actual records, which are now available, show that the Plaintiff received treatment throughout his period of incarceration and there is insufficient evidence of deliberate indifference. The Plaintiff has also failed to come forward with any evidence showing policies or procedures not to provide adequate medical treatment.

Accordingly, the Magistrate Judge believes that the Defendant Dr. Burns is correct in her assertions that she was not deliberately indifferent to the Plaintiff's medical needs and is entitled to summary judgment. The Plaintiff has simply not come forward with any evidence to dispute her contentions.

As the Defendants further point out, if there is no liability on Dr. Burns's part, there can be no liability for Hall or Young. They were sued in their official capacities, and are only liable if the Plaintiff can establish a policy or custom that Dr. Burns followed in violating the Plaintiff's rights. If Dr. Burns did not violate the Plaintiff's constitutional rights, there can be no liability based on policy or procedure. The Defendants are also correct that the Plaintiff, while making general allegations, failed to come forward with any specific evidence showing the existence of an unconstitutional policy and procedure. Accordingly, these two Defendants are entitled to summary judgment.

Even if the Defendants were not entitled to summary judgment, the Defendants would be entitled to a dismissal of this case because of the Plaintiff's failure to obey Court orders to keep a current address on file and to provide answers for discovery requests. The Plaintiff has thus wilfully failed to prosecute his case.

Before dismissing a complaint for failure to prosecute, pursuant to Rule 41(b), the Court should consider (1) whether the

failure was due to willful bad faith or fault, (2) whether the other party was prejudice; (3) whether the Court warned that dismissal would result; and (4) whether less drastic sanctions were considered. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

In this case, all four factors are in favor of the Defendants. The Plaintiff was repeatedly warned of the risk of dismissal for failure to keep a current address on file and to respond to discovery requests. The Plaintiff was well aware of his duty to keep a current address on file and he has clearly failed to notify the Court of his last change of address. The Defendants are prejudiced by their inability to secure discovery from the Plaintiff. The Court has considered a less drastic remedy and will recommend that a dismissal for failure to prosecute be without prejudice.[2]

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the motion for summary judgement be granted and this case be dismissed with prejudice. In the event this recommendation is not adopted, the Magistrate Judge recommends that the case be dismissed without prejudice for failure to prosecute and obey Court orders. The Magistrate Judge further recommends that

---

[2]Even though the dismissal is without prejudice, the Plaintiff may be barred from refiling by a one-year statute of limitations.

any appeal for either reason not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 15th day of October, 2015.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge